UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARCO B. HEYWARD, <br><br> Plaintiff, <br><br> v. <br><br> BART POLICE DEPARTMENT, et al., <br><br> Defendants. | Case No. 3:15-cv-04503-LB <br><br> **ORDER GRANTING THE DEFENDANTS' MOTION TO DISMISS AND DENYING THEIR MOTION TO DECLARE THE PLAINTIFF A VEXATIOUS LITIGANT** <br><br> [Re: ECF Nos. 10, 12] |

## INTRODUCTION

Marco Heyward, who is proceeding pro se, filed this action against the BART Police Department and two of its officers, Officer E. Poindexter and Officer A. Fueng. (*See* Complaint, ECF No. 1.[1]) He alleges that the officers unlawfully arrested him. In response to Mr. Heyward's complaint, the defendants filed two motions: (1) a motion to dismiss or, alternatively, for a more definite statement; and (2) a motion to declare Mr. Heyward a vexatious litigant and bar him from filing civil rights actions against the police without prior court approval. (See Motion to Dismiss, ECF No. 10; Motion to Declare Vexatious Litigant, ECF No. 12.) The court finds these matters suitable for determination without oral argument and vacates the January 14, 2015 hearing. The court grants the defendants' motion to dismiss and denies their motion to declare Mr. Heyward a

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

(ORDER (No. 3:15-cv-04503-LB)

United States District Court
Northern District of California

1 vexatious litigant.

**STATEMENT**

On October 6, 2014, Marco Heyward was ascending the escalator at the Fruitvale BART Station in Oakland, California. (Complaint, ECF No. 1 at 1.) He was heading to the platform to take a southbound train. (*Id.*) Despite his disabilities, he ran up the escalator to catch an approaching train, but his path was blocked by three white men wearing Oakland A's attire. (*Id.*) Mr. Heyward kindly asked them to excuse him as he tried to maneuver around them. (*Id.*) When doing so, he stumbled into one of them. (*Id.*) After apologizing to this person, Mr. Heyward politely explained that it is customary for individuals who are not in a rush to leave a path on the left side of the escalator so persons trying to catch an approaching train may do so unabated. (*Id.*) Jerold Farver, one of the three white men, became "indignant" and "blurt[ed] out racial epithets," namely "by calling [Mr. Heyward] a nigger." (*Id.* at 1-2.) Mr. Heyward expressed his "dissatisfaction" with this comment, and other white persons on the escalator scolded Mr. Farver. (*Id.* at 2.) Mr. Farver then became "emotionally charged" and "wanted to fight" Mr. Heyward. (*Id.*) Once on the platform, Mr. Heyward walked away from Mr. Farver, who was being held back by his two companions. (*Id.*) Mr. Heyward then boarded the waiting train while Mr. Farver and his two companions remained on the platform. (*Id.*)

Mr. Heyward was seated and acting in a respectful manner when the train stopped at the Bayfair BART station. (*Id.*) Two BART police officers, Officers Poindexter and Fueng, got on the train, approached Mr. Heyward, and asked Mr. Heyward to come with them. (*Id.*) When Mr. Heyward stood up, the two officers handcuffed him. (*Id.*) Other riders on the train inquired why the officers were detaining Mr. Heyward. (*Id.*) The officers assisted Mr. Heyward to the lower level of the BART station because he was unable to walk without his cane. (*Id.*) Mr. Heyward inquired why he was being detained. (*Id.*) The officers were very aggressive and unprofessional. (*Id.*) Mr. Heyward told them he was being cooperative and "didn't want to end up like Oscar Grant or Jerrod Hall." (*Id.*) Mr. Heyward explained to them that he was the victim of racial bigotry and asked them how they could "take the word of a racist who was using racial epithets." (*Id.*) He also told them they could go back to the Fruitvale BART station and review the video surveillance

ORDER (No. 3:15-cv-04503-LB)

footage, which would verify his version of the events. (*Id.*) The officers instead arrested Mr. Heyward and took him to Santa Rita Jail. (*Id.*)

Mr. Heyward filed his complaint in this action on September 30, 2015. (*See generally id.*) Although he states that the defendants violated three federal civil rights statutes (18 U.S.C. § 241 and 42 U.S.C. §§ 1983 and 1985) and six California civil rights statutes (California Civil Code §§ 51.5, 51.6, 51.7, 51.9, 52, and 54), his three claims appear to be for violation of 42 U.S.C. § 1985, conspiracy, and "intentional tort." (*Id.* at 3-5.) The gist of his specific claims is that the officers discriminated against him because of his race and ethnicity, conspired to falsely arrest him because of racial animus, and perjured themselves and submitted false documents (presumably their police reports) in furtherance of that conspiracy. (*See id.*) He seeks damages. (*Id.* at 5.)

Attached to Mr. Heyward's complaint are several documents relating to his arrest. (*Id.* at 6-13.) Among them are the officers' police report and the criminal complaint against Mr. Heyward, both of which indicate that Mr. Heyward had been arrested and charged with public intoxication in violation of California Penal Code § 647(f). (*Id.* at 9-13.)

On November 16, 2015, the defendants filed a motion to dismiss the complaint or, alternatively, for a more definite statement. (Motion to Dismiss, ECF No. 10.) On November 25, 2015, the defendants filed a motion asking the court to declare Mr. Heyward a vexatious litigant. (Motion to Declare Vexatious Litigant, ECF No. 12.) On December 18, 2015, Mr. Heyward filed an opposition. (Opposition, ECF No. 28.)

## GOVERNING LAW

**1. Motion to Dismiss**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal

ORDER (No. 3:15-cv-04503-LB)

3

citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

**2. Vexatious Litigant**

The district court has inherent power under the All Writs Act, 28 U.S.C. § 1651(a), to issue writs (such as the requested prefiling order) "necessary and appropriate" in aid of its jurisdiction to prevent litigants who file frivolous lawsuits from continuing to do so. *See Molski v. Evergreen Dynasty*, 500 F.3d 1047, 1057 (9th Cir. 2007).

Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Nonetheless, "pre-filing orders should rarely be filed" because such orders could impose a "substantial burden on the free-access guarantee" under the First Amendment, "which is one of the most precious of the liberties safeguarded by the Bill of Rights." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (citations omitted). Such rare instances require that the courts comply with the procedural and substantive requirements set forth in *De Long*, 912 F.2d at 1147-48. *Id.* at 7. Prefiling orders are an extreme remedy, and "courts should not enter them with undue haste" because they "can tread on a litigant's due[-]process right of access to the courts." *Molski*, 500

ORDER (No. 3:15-cv-04503-LB)

4

1  F.3d at 1057 (citations omitted). "A court should enter a pre-filing order constraining a litigant's

2  scope of actions in future cases only after a cautious review of the pertinent circumstances." *Id.*

3  Orders restricting a person's access to the courts may be issued only after a litigant has had an

4  opportunity to oppose the order and the court has made substantive findings as to the frivolous or

5  harassing nature of the litigant's actions. *See De Long*, 912 F.2d at 1147-48. The order must be

6  based on adequate justification supported in the record and narrowly tailored to address the abuse

7  perceived. *See id.*; *cf. In re: Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (prefiling orders

8  precluding a litigant from proceeding with an appeal may be imposed only when (1) the appeal is

9  patently insubstantial or clearly controlled by well settled precedent; or (2) the facts presented are

10 fanciful or in conflict with facts of which the court may take judicial notice).

11 A prefiling "injunction cannot issue merely upon a showing of litigiousness." *Moy v. United*

12 *States*, 906 F.2d 467, 470 (9th Cir. 1990). The plaintiff's claims must not only be numerous, but

13 also be patently without merit. *See id.*

## ANALYSIS

### 1. The Court Dismisses Mr. Heyward's Complaint Without Prejudice

The defendants first move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Mr. Heyward's complaint for failure to state a claim. (*See* Motion to Dismiss, ECF No. 10.) They argue that Ms. Heyward's allegations are not sufficient to state plausible claims for violation of 42 U.S.C. § 1985, conspiracy, or "intentional tort." (*Id.* at 5-8.) The court agrees with the defendants that Mr. Heyward's complaint is not sufficient in its current form.

First, it is not clear which claims Mr. Heyward intends to bring. Mr. Heyward says the defendants violated nine statutes (18 U.S.C. § 241, 42 U.S.C. §§ 1983 and 1985, and California Civil Code §§ 51.5, 51.6, 51.7, 51.9, 52, and 54) but he brings a specific claim for violation of only one of them (42 U.S.C. § 1985). To the extent that Mr. Heyward is attempting to bring claims for violation of the other eight statutes mentioned, his complaint is not sufficient. His other two claims (conspiracy and "intentional tort") appear to arise under common law. His claim for "intentional tort" is too general. Is Mr. Heyward alleging a claim for wrongful arrest? Intentional infliction of emotional distress? He does not say.

ORDER (No. 3:15-cv-04503-LB)

5

1  Second, the court notes that although Mr. Heyward alleges that the defendants discriminated
2  and conspired against him on the basis of his race and ethnicity and that Mr. Farver used a racial
3  epithet that suggests Mr. Heyward is African-American, Mr. Heyward never explicitly alleges
4  what his race and ethnicity are. He should do so in any amended complaint. Without these
5  essential allegations, his claims are not plausible. (Contrary to the defendants' claim, however, the
6  court believes Mr. Heyward does allege that the officers engaged in conspiratorial acts. He alleges
7  that the officers perjured themselves and submitted false documents. This is sufficient for this
8  particular element of his conspiracy claims.)

9  Third, Mr. Heyward's two common-law tort claims (conspiracy and "intentional tort") both
10 fail because he never alleges that he complied with the California Tort Claims Act ("CTCA") prior
11 to filing suit. The CTCA requires, as a condition precedent to suit against a public entity, the
12 timely presentation of a written claim and the rejection of the claim in whole or in part. *Mangold*
13 *v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing *Snipes v. City of*
14 *Bakersfield*, 145 Cal. App. 3d 861 (1983)). "Where compliance with the Tort Claims Act is
15 required, the plaintiff must allege compliance or circumstances excusing compliance, or the
16 complaint is subject to general demurrer." *Id.*; *see also Karim–Panahi v. Los Angeles Police*
17 *Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) (state tort law claims are barred unless presented to
18 public entity before commencing suit) (citing Cal. Gov't Code §§ 905, 945.4, 950.2 (West 1980);
19 *Ortega v. O'Connor*, 764 F.2d 703, 707 (9th Cir.1985) (failure to comply with claim-filing
20 requirements imposed by California Torts Claims Act bars pendent state claims), *rev'd on other*
21 *grounds*, 480 U.S. 709 (1987); *Neal v. Gatlin*, 35 Cal. App. 3d 871, 877-78 (1973) (where public
22 employee was acting within employee's express or implied authority, notwithstanding wrongful
23 nature of the act, complaint based on such act was properly dismissed for failure to allege filing of
24 claim with employing public entity)). There is no indication in the complaint whether Mr.
25 Heyward timely presented his claim to BART. His common-law tort claims must be dismissed for
26 this reason. *See Dobard v. San Francisco Bay Area Rapid Transit Dist.*, No. C-92-3563-DLJ,
27 1993 WL 372256, at *7-8 (N.D. Cal. Sept. 7, 1993) ("Because BART is a public entity, . . . and
28 plaintiff has failed to allege compliance with the California Government Code, plaintiff's claim for

ORDER (No. 3:15-cv-04503-LB)

6

NIED is also barred.").

For these reasons, the court grants the defendants' motion and dismisses Mr. Heyward's complaint. Because the insufficiencies the court identified possibly could be cured by the allegation of other facts, the court dismisses his complaint without prejudice.

**2. The Court Will Not Declare Mr. Heyward a Vexatious Litigant**

The defendants also move for an order declaring Mr. Heyward a vexatious litigant. (Motion to Declare Vexatious Litigant, ECF No. 12.) After taking "a cautious review of the pertinent circumstances," *Molski*, 500 F.3d at 1057, the court does not believe such an order is warranted.

First, although the defendants presented evidence that Mr. Heyward has filed several lawsuits in the past, and that Mr. Heyward generally has been unsuccessful, the court cannot find on this record that those lawsuits were frivolous or of a harassing nature. (*See* Rooney Decl., Exs. A-Q, ECF Nos. 13-18.) He has filed lawsuits against public and private entities for a wide variety of alleged violations of law, but it does not appear that he has sued any one defendant multiple times or based on a single incident. And he has never sued BART before. That most of these actions were dismissed tells the court nothing about their merits, especially where many of them were dismissed because Mr. Heyward failed to prosecute them.

Second, the order the defendants seek is too broad. They request an order "enjoin[ing] and barr[ing] [Mr. Heyward] from re-litigating issues that have been adjudicated against him" and ordering that "[n]o civil rights actions may be brought against police officers and/or police departments [without] leave of court." (Proposed Order, ECF No. 20 at 1.) This not narrowly tailored to prevent harassment to BART or its officers.

Even if Mr. Heyward can be characterized as litigious, such a characterization is not sufficient to justify issuing the order the defendants seek. *See Moy*, 906 F.2d at 470. The court denies the defendants' motion to declare Mr. Heyward a vexatious litigant.

ORDER (No. 3:15-cv-04503-LB)

7

**CONCLUSION**

The court grants the defendants' motion to dismiss and dismisses Mr. Heyward's complaint without prejudice. He may file a first amended complaint by January 20, 2015.

The court denies the defendants' motion to declare Mr. Heyward a vexatious litigant.

**IT IS SO ORDERED.**

Dated: December 23, 2015

_____
LAUREL BEELER
United States Magistrate Judge