UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARCO B. HEYWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>BART POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 3:15-cv-04503-LB<br><br>**ORDER GRANTING THE DEFENDANTS' MOTION TO DISMISS**<br><br>Re: ECF No. 44 |

## INTRODUCTION

The plaintiff Marco Heyward, who is representing himself, sued the BART police for wrongful arrest, excessive force, and an overlong detention, in violation of the Fourth and Fourteenth Amendments.[1] His claims stem from his arrest on misdemeanor charges of public intoxication. The court dismissed his two previous complaints with leave to amend. The operative Second Amended Complaint ("SAC") raises the same claims, asserts many of the same facts in the two previous complaints, and alleges additional facts in an attempt to cure the deficiencies that the court identified previously. Because Mr. Heyward did not cure the deficiencies, the court grants the defendants' motion to dismiss and dismisses the claims with prejudice.[2]

---

[1] Second Amended Complaint — ECF No. 45. Citations are to the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] The court finds that it can decide the matter without oral argument under Civil Local Rule 7-1(b).

ORDER (No. 3:15-cv-04503-LB)

**STATEMENT**

The SAC largely recounts the facts in the previous complaint; the court's previous order summarizes the events surrounding the BART police officers' arrest of Mr. Heyward.[3] In sum, Mr. Heyward — who is African America — was rushing up the escalator at the Fruitvale BART station and stumbled into another BART patron. After Mr. Heyward tried to explain that it is customary to move to one side to accommodate passengers rushing for a train, the patron responded with racial epithets and rage and had to be restrained from fighting Mr. Heyward. Ultimately BART police arrested Mr. Heyward for public intoxication; the charge was dismissed.[4] The police report attached to the last complaint — which the court considered under the incorporation-by-reference doctrine — recounts that the patron complained to BART police that Mr. Heyward was drunk, unsteady, and "got in his face." The report describes the officers' observations of signs of intoxication, including the smell of alcohol, glassy eyes that were slow to track movement, slurred speech, a staggered gait, and stumbling.[5]

Mr. Heyward in essence complains that he was the victim and that his arrest thus was wrongful. He also complains that the officers used excessive force when arresting him, and they detained him too long before transporting him to Santa Rita Jail. The court previously dismissed the claims based on Mr. Heyward's failure to allege plausible facts supporting them.[6] The deficiencies that the court identified were as follows. Mr. Heyward claimed that his arrest was unlawful because the police officers acted with racial animus, but he alleged only animus by the BART patron, not the BART police.[7] He alleged an arrest without probable cause, but he failed to allege facts that plausibly supported a lack of probable cause particularly because his own account was not inconsistent with the officers' report.[8] He asserted excessive force by the officers'

---

[3] First Amended Complaint — ECF No. 31; *see* 2/24/16 Order — ECF No. 44 at 2-3.
[4] SAC — ECF No. 45 at 3-4.
[5] 2/24/16 Order — ECF No. 44 at 6.
[6] *Id.* at 5-11.
[7] *Id.* at 5.
[8] *Id.* at 6.

ORDER (No. 3:15-cv-04503-LB)         2

1    handcuffing, but he alleged only that the handcuffing was "aggressive."[9] He alleged an overlong
2    detention by BART police, but he did not give details about how long they detained him before
3    transporting him to Santa Rita Jail.[10]
4    Mr. Heyward elaborates on these deficiencies in his new complaint. The court considers the
5    new factual allegations in the analysis, below.

## MOTION-TO-DISMISS STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 50 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Twombly*, 550 at 555 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, "'to state a claim to relief that it is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Tombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[9] *Id.* at 9.
[10] *Id.* at 7.

ORDER (No. 3:15-cv-04503-LB)   3

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## ANALYSIS

Mr. Heyward claims wrongful arrest based on racial animus and a lack of probable cause, excessive force during the arrest, and an overlong detention before the BART officers transported him to Santa Rita Jail.[11] (He does not reassert his *Monell* claim.)

### 1. Wrongful arrest — Equal Protection violation

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Clerburne v. Clerburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyer v. Doe*, 457 U.S. 202, 216 (1982)). A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998).

Mr. Heyward alleges that the officers (Officers Poindexter and Fueng) rushed to judgment and did not give him the same respect that they gave to the other BART patron, who gave a false report of what happened at the Fruitvale station.[12] He then says "the officers' rush to judgment dismissed and disregarded the Plaintiff as a person because the Plaintiff was African American. This malicious act(s) of prejudice against Plaintiff was due to racial insensitivity when Plaintiff was racially profiled and deprived of his legally protected rights. . . ."[13] He then describes his

---

[11] FAC — ECF No. 45 at 7-13.
[12] *Id.* at 7.
[13] *Id.* at 7-8.

ORDER (No. 3:15-cv-04503-LB)                4

1  encounter with the police, characterizing his own conduct as "peacefully sitting" when the officers
2  approached and otherwise alleges that he complied with the officers' directives.[14]

3  Mr. Heyward does not plausibly allege racial animus. His own account reveals that the officers
4  responded to someone else's complaints about him. He alleges that their animus is shown by their
5  believing the other BART patron's account, not his account, and their dismissing of "African
6  American female(s)'" inquiries about his arrest.[15] This is a conclusory inference, not a factual
7  allegation, and it is "insufficient to defeat a motion to dismiss." *Fayer v. Vaughn*, 649 F.3d 1061,
8  1064 (9th Cir. 2011) (internal quotation marks and citation omitted).

### 2. Wrongful arrest — no probable cause

Probable cause to conduct a warrantless arrest exists when the police have, at the moment of the arrest, "knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). Probable cause is a "practical, nontechnical conception" based on a "common-sense conclusion about human behavior," and it is a "fluid concept — turning on the assessment of probabilities in particular factual contexts — not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 231-32 (1983) (internal citations and quotations omitted). Its existence is determined under the totality of the circumstances. *Id.* at 238; *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).

The probable cause determination has two steps. First, the court considers the historical facts, meaning the events that occurred leading up to the arrest. *Ornelas v. United States*, 517 U.S. 690, 696 (1996). Second, the court considers whether these facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause. *Id.*; *Devenpeck*, 543 U.S. at 153 (the objective standard means that the arresting officers' subjective intentions are irrelevant to the

---

[14] *Id.* at 8.
[15] *Id.* at 8-9.

ORDER (No. 3:15-cv-04503-LB)        5

existence of probable cause). The "evidence supporting probable cause need not be admissible in court, but it must be 'legally sufficient and reliable.'" *Acosta v. City of Costa Mesa*, 718 F.3d 800, 825 (9th Cir. 2013) (quoting *Franklin v. Fox*, 312 F.3d 423, 438 (9th Cir. 2002).

As with his last complaint, Mr. Heyward does not plausibly allege that the officers lacked probable cause to arrest him for public intoxication. His own account confirms that the police responded to a complaint about him (a complaint that he was drunk and an aggressor). He also did not correct the deficiency that the court identified previously: "he did not plausibly allege any facts that establish an arrest without probable cause by, for example, alleging facts to support the conclusion that the historical facts, viewed from the standpoint of an objectively reasonable officer, do not amount to probable cause."[16] He alleges only that the police should have believed him, not the other BART patron. The court dismisses the claim.

### 3. Excessive force

Mr. Heyward alleges that the BART police used excessive force when they arrested him. The issue is whether the force used during his seizure was "objectively reasonable." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001) (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989)).

"Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (internal citations and quotations omitted). To do so, a court must evaluate "the facts and circumstances of each particular case, including [1] the severity of the crime at issue, [2)] whether the suspect poses an immediate threat to the safety of the officers or others, and [3)] whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* The most important of these three factors is whether the suspect poses an immediate threat to the safety of the officers or others. *Id.* The *Graham* factors, however, are not exhaustive. *George v.*

---

[16] *Id.* at 6-7.

ORDER (No. 3:15-cv-04503-LB)    6

*Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013). Indeed, because "there are no per se rules in the Fourth Amendment excessive force context," *Mattos v. Agarno*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc), courts are to "examine the totality of the circumstances and consider 'whatever specific factors may be appropriate in a particular case, whether or not listed in *Graham*.'" *Bryan v. McPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (quoting *Franklin v. Foxworth*, 31 F.3d 873, 876 (9th Cir. 1994)). "Other relevant factors include the availability of less intrusive alternatives to the force employed, whether proper warnings were given[,] and whether it should have been apparent to officers that the person they used force against was emotionally disturbed." *Glenn v. Washington County*, 673 F.3d 864, 872 (9th Cir. 2011) (citations omitted).

"The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)); *see id.* at 396-97 ("'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' . . . violates the Fourth Amendment.") (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). This is because "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation." *Id.*

Mr. Heyward alleges that the officers "aggressively removed Plaintiff from his seat and handcuffed Plaintiff tightly behind his back" when they arrested him, and they refused to give him his cane, so he was unable to walk at their pace.[17] The handcuffs were "tight . . . behind his back causing extreme pain and inability for the Plaintiff to maintain his balance because Plaintiff was forced to put extreme pressure on his left injured Patella for one (1) hour or more on the lower level of the BART station."[18] He describes sitting in the backseat of the patrol car, handcuffed, with his hands behind his back, causing pain to his Patella, forcing him to lie down to stretch out his left leg to ease the discomfort.[19] (Mr. Heyward describes a botched surgery in 2010 at the VA

---

[17] *Id.* at 4.
[18] *Id.* at 9.
[19] *Id.* at 5.

hospital that was meant to repair his quadriceps and instead caused his left patella to re-rupture, which means that he has to use adaptive devices to walk, including "braces, crutches, and on good days, a cane.")[20]

As the court described in its earlier order, handcuffing to effect an arrest is not excessive force. Mr. Heyward recounts discomfort, but he does not allege facts establishing that it was excessive. *Cf. Wilson v. County of Contra Costa*, No. 14-cv-04931-SI, 2015 WL 2124762, *6 (N.D. Cal. May 6, 2015) (handcuffs were so tight that they "cut deeply into the skin around his wrists and caused his hands to go completely numb and become discolored," which "caused him severe pain, nerve damage, scars and deep bruises.") "[J]udged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," Mr. Heyward does not state a claim. *Graham*, 490 U.S. at 396

### 4. Overlong detention

An arrestee or detainee may have a due process right to be released within a reasonable time after the reason for his detention has ended. *Brass v. County of Los Angeles*, 328 F.3d 1192, 1200 (9th Cir. 2003). Both the Fourth and Fourteenth Amendments, however, permit a "reasonable postponement" of a prisoner's release, for example, "while the County copes with the everyday problem of processing the release of the large number of prisoners who pass through its incarceration system." *Id*. at 1202 (internal quotations omitted) (quoting *County of Riverside v. McLaughlin*, 500 U.S.44, 55 (1991)).

The last section recounts the time between arrest and transportation to Santa Rita. It appears to be about an hour in the backseat of the car (though it may be an hour downstairs and an hour in the backseat.) Either way, the allegations do not establish an overlong detention under the Fourth Amendment. The court dismisses the claims.

---

[20] *Id.* at 2, 5, 8-10.

1  **5. Dismissal with prejudice**

2  The court previously gave Mr. Heyward two opportunities to plead plausible facts to support

3  his claims. Mr. Heyward's more thorough accounting of the events did not correct the deficiencies

4  the court identified. The court dismisses the complaint with prejudice and without leave to amend.

## CONCLUSION

The court grants the defendants' motion to dismiss and dismisses Mr. Heyward's complaint with prejudice. This disposes of ECF No. 44.

**IT IS SO ORDERED.**

Dated: May 9, 2016     _____
LAUREL BEELER
United States Magistrate Judge